Gilmore, J.
There are a number of questions presented in the bill of exceptions that fall within the assignments of error and which have been argued by counsel, but it is •deemed unnecessary to notice all of them.
There were objections by the defendant to the admission •of its resolution of March 20,1869, and a motion to exclude from the jury the testimony of Prank Wilhelm after it had been admitted; both the objection and motion were overruled, and the defendant excepted. These will be disposed •of together. If the resolution was competent evidence for any purpose of the trial, it was properly admitted. All the allegations of the petition were in issue, one of which was that the defendant at the time of the accident was “ and still is the owner and in control of the road.” The resolu-tion tended to prove this circumstantially, and was therefore properly admitted for this purpose. The resolution *564 being silent as to the reason why the board assumed the payment of damages for injury to the buggy of McDargh, the testimony of Wilhelm, who was present at the meeting of the board at which the resolution was passed, was competent to show that McDargh’s claim, upon which the board acted, was for injury occasioned to his buggy by its being thrown into a hole in the defendant’s road on the 14th of March, 1869, while traveling in the buggy on the-road in company with the plaintiff. These extrinsic circumstances were properly introduced, in order that the resolution might be read in the light of them, and being admissible for this purpose the court properly overruled the-motion to exclude it from the jury. It does not follow, •however, that what the witness said of the company admitting its liability to McDargh for the injury to his buggy, is-to be construed as an implied admission of its liability to the plaintiff, or that the court would not have excluded that part of the testimony of this witness, if the motion had been confined to that particular point.
The important questions raised are these: Did the court err in admitting in evidence that portion, offered by the-plaintiff, of the minute entry of the board of directors, of September 13, 1869; or in refusing to exclude the entry after the defendant had introduced the remaining portion of it; or in refusing to instruct the jury as requested by the defendant in reference to it ?
The entry was a corporate act officially performed in relation to the plaintiff’s claim. The portion introduced by the plaintiff tended to prove, by implication, that the hole-into which she was capsized was within the bounds of the defendant’s road, and for this purpose it was properly admitted as an admission of the defendant. It is also elementary that the whole of the written entry containing this admission is to be received together, in order to enable-the court to judge of the true meaning and extent of the-admission, which, when taken together, may have a different import from that which a part might convey.
The court, therefore, properly permitted the defendant to- *565 put in evidence that portion of the entry not read hy the plaintiff, in order that it might be read and construed as a whole. This put the entire entry before the jury as evidence, and the motion to exclude it was properly overruled.
But the court seems to have entertained the view, that because the defendant had put a portion of the entry in evidence, it had, as to that portion, and indeed the entire entry, precluded itself from asking and relieved the court from the duty of giving to the jury any instructions in reference to it, and when requested by the defendant to instruct the jury “that there is nothing in the minute entry of the date of September 13,1869, from which the jury can properly infer that the board of directors admitted the liability of the company,” the court refused to give the instructions, and said to the jury: “ The proposition of the plaintiff to compromise, and the action of the board thereon, having been introduced by the defendant, I will not now, at its request, attempt to dictate to you the use you shall make of this evidence.”
We think the defendant had not estopped itself from asking, nor exempted the court from giving to the jury, proper instructions as to this item of testimony by introducing it in the manner and for the purpose above mentioned. We further think that the instruction asked was proper and should have been given. The law favors the amicable settlement of controverted rights between parties, either before or pending litigation between them, and hence allows them to make offers or propositions to receive on the one hand, or to pay on the other, specified sums of money by way of compromise, without prejudice to either party, when it plainly appears that the propositions were in the nature of .peace ■offerings; and those under consideration seem to have been such. An.offer to pay a sum of money named under such circumstances, is not to be regarded as an admission that the sum named is due to the party to whom it is offered; but it is simply a proposition, which, when accepted, fixes the liability of the party offering to pay, but at the same time relieves him from the annoyance and danger of litiga *566 tion, which is to be regarded as the consideration upon which the offer to compromise was made; and when this consideration fails, by reason of its non-acceptance by the party to whom the offer is made, the party making the offer is thereby relieved from all its consequences, and stands in reference to the controversy as though the offer had never been made. The propositions to compromise, as they appear in the entry, did not amount to an admission by the defendant of its ultimate liability to the plaintiff on the claim she-was urging. The instructions asked by the defendant should therefore have been given, and the refusal of the court to do so was calculated to prejudice the defendant’s-case. For this error the judgment will be reversed.
The testimony concerning the admission of August Fenner and Henry Waymire, who were directors, and appointed a committee to negotiate with the plaintiff, was admitted without objections on the part of the defendant; and although the court refused to give the instructions in regard to it, in the language of the request, which might properly have been done, they were substantially given in the instructions of the court to the jury, and the defendant was not therefore prejudiced in this respect. If, however, objections had been made to the introduction of’the testimony, the court could properly have refused to admit it until the plaintiff had shown by competent evidence that the parties named were authorized by the corporation to make the admissions.
Judgment reversed, and the cause remanded to the Superior Court of Montgomery county for a new trial.
McIlvaine, C. J., Welch, White, and Rex, JJ., concurred.